NO. 5:09cr216-1 FL
NO. 5:09cr216-2 FL
NO. 5:09cr216-3 FL
NO. 5:09cr216-4 FL
NO. 5:09cr216-5 FL
NO. 5:09cr216-6 FL
NO. 5:09cr216-7 FL
NO. 5:09cr216-8 FL

FILED IN OPEN COURT
ON 7-22-09 ulh
Dennis P. Iavarone, Clerk
US District Court
Eastern District of NC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| DANIEL PATRICK BOYD, ) | INDICTMENT |
| a/k/a "Saifullah," ) | UNDER SEAL |
| HYSEN SHERIFI ) | |
| ANES SUBASIC ) | |
| ZAKARIYA BOYD, a/k/a "Zak" ) | |
| DYLAN BOYD, a/k/a "Mohammed" ) | |
| JUDE KENAN MOHAMMAD ) | |
| MOHAMMAD OMAR ALY HASSAN ) | |
| ZIYAD YAGHI ) | |

THE GRAND JURY CHARGES THAT:

General Allegations

At all times relevant to this Indictment:

1. Defendant DANIEL PATRICK BOYD a/k/a "Saifullah" (meaning Sword of God) is a United States citizen living in the Eastern District of North Carolina.

2. Defendant HYSEN SHERIFI, a native of Kosovo and a legal permanent resident of the United States, is located in the Eastern District of North Carolina at the time of this Indictment.

1

3. Defendant ANES SUBASIC is a naturalized citizen of the United States, residing in the Eastern District of North Carolina.

4. Defendant ZAKARIYA BOYD, a/k/a "Zak," is a United States citizen living in the Eastern District of North Carolina.

5. Defendant DYLAN BOYD, a/k/a "Mohammed," is a United States citizen living in the Eastern District of North Carolina.

6. Defendant JUDE KENAN MOHAMMAD is a citizen of the United States who was residing in the Eastern District of North Carolina at all times pertinent to this conspiracy.

7. Defendant MOHAMMAD OMAR ALY HASSAN is a citizen of the United States, and is residing in the Eastern District of North Carolina.

8. Defendant ZIYAD YAGHI is a naturalized citizen of the United States, and is residing in the Eastern District of North Carolina.

9. In the period from 1989 - 1992, DANIEL PATRICK BOYD a/k/a "Saifullah" traveled to Pakistan and Afghanistan where he received military style training in terrorist training camps for the purpose of engaging in violent *jihad*. Following this training, Boyd fought in Afghanistan against the Soviet Union.

COUNT ONE
(Conspiracy to provide material support to terrorists)
18 U.S.C. § 2339A

10. The Grand Jury realleges and incorporates by reference the General Allegations contained in paragraphs 1 through 9 of this

2

Indictment, and further alleges that:

## I. Conspiracy

11. Beginning on a date unknown but no later than November 9, 2006, and continuing through at least July, 2009, within the Eastern District of North Carolina and elsewhere, the defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ANES SUBASIC, ZAKARIYA BOYD, a/k/a "Zak," DYLAN BOYD, a/k/a "Mohammed," JUDE KENAN MOHAMMAD, MOHAMMAD OMAR ALY HASSAN, and ZIYAD YAGHI, did knowingly, willfully, and unlawfully combine, conspire, confederate and agree with other individuals known and unknown to the grand jury to knowingly provide material support and resources, as that term is defined in 18 U.S.C. § 2339A(b) to wit: currency, training, transportation, and personnel, and to conceal and disguise the nature, location, source, and ownership of material support and resources, knowing and intending that they were to be used in preparation for, and in carrying out, a violation or violations of Title 18, United States Code, Section 956,(Conspiracy to murder, kidnap, maim or injure persons in a foreign country), that is, conspiring with one or more persons to commit, at any place outside the jurisdiction of the United States, an act that would constitute the offense of murder (the unlawful killing of human beings with malice aforethought), kidnapping, maiming, and injuring, if committed in the special maritime and territorial jurisdiction of the United States and in so doing, commit an act within the United

3

States to effect an object of such conspiracy.

## II. Manner and Means

12. It was the purpose and object of the conspiracy to advance violent *jihad* including supporting and participating in terrorist activities in specific locations outside the United States and committing acts of murder, kidnapping or maiming persons outside the United States. The manner and means by which the conspiracy was sought to be accomplished included, among other things, the following during the dates of the alleged conspiracy:

   a. It was part of the conspiracy that the defendants and their co-conspirators prepared to become "*mujihadeen*" and die "*shahid*"— that is, as martyrs in furtherance of violent *jihad*.

   b. It was further a part of the conspiracy that certain of the defendants radicalized others, mostly young muslims or converts to Islam, to believe in "*fard 'ayn,*" the idea that violent *jihad* was a personal obligation on the part of every good muslim.

   c. It was further part of the conspiracy to offer training in weapons and financing, and to assist in arranging overseas travel and contacts so the others could wage *violent jihad*.

   d. It was a part of the conspiracy to raise money to support the defendants' efforts in training and provision of personnel, and to disguise the destination of such monies from the donors.

   e. It was further a part of the conspiracy to obtain weapons like the AK-47, to develop familiarity and skills with the weapons

4

of choice used by *mujihadeen* in Afghanistan and elsewhere.

### III. Overt Acts

13. In furtherance of the conspiracy and to effect the illegal objects thereof, the defendants and their co-conspirators performed overt acts, in the Eastern District of North Carolina, and elsewhere, including but not limited to the following:

14. On or about March 11, 2006, DANIEL PATRICK BOYD, a/k/a "Saifullah," defendant herein, did travel to Gaza and attempted to enter Palestine in order to introduce his son to individuals who also believed that violent *jihad* was a personal obligation on the part of every good Muslim.

15. On or about October 7, 2006, defendant ZIYAD YAGHI departed the U.S. for Jordan, to engage in violent *jihad*.

16. On or about November 9, 2006, DANIEL PATRICK BOYD, a/k/a "Saifullah," defendant herein, purchased a Bushmaster M4 A3 16 inch patrolman carbine rifle and an ETA M16 V System C-MAG magazine.

17. On or about February 21, 2007, DANIEL PATRICK BOYD, a/k/a "Saifullah," defendant herein, purchased airline tickets to Israel from the United States for himself and defendant ZAKARIYA BOYD, a/k/a "Zak."

18. On or about March 13, 2007, DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased a Ruger mini 14 long gun.

19. On or about March, 29, 2007, Boyd purchased airline tickets to Israel from the United States for defendant DYLAN BOYD,

5

a/k/a "Mohammed."

20. On or about April 3, 2007, tickets were purchased for defendants ZIYAD YAGHI and MOHAMMAD OMAR ALY HASSAN, to travel from the United States to Israel.

21. On June 12, 2007, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," and ZAKARIYA BOYD, a/k/a "Zak," departed the U.S. for Tel Aviv, Israel.

22. On June 13, 2007, defendants ZIYAD YAGHI and MOHAMMAD OMAR ALY HASSAN departed Raleigh for Tel Aviv, Israel. Having failed in their attempt to engage in violent *jihad*, ZIYAD YAGHI returned to the United States on July 16, 2007, and MOHAMMAD OMAR ALY HASSAN returned to the United States on July 21, 2007.

23. On July 18, 2007, DANIEL PATRICK BOYD a/k/a "Saifullah," DYLAN BOYD a/k/a "Mohammed," and ZAKARIYA BOYD a/k/a "Zak," returned to the United States having failed in their attempt to engage in violent *jihad*.

24. Upon his arrival in the United States, DANIEL PATRICK BOYD a/k/a "Saifullah," lied to agents of Customs and Border Protection during an interview at the Atlanta airport by denying that he had intended to meet up in Israel with defendants ZIYAD YAGHI and MOHAMMAD OMAR ALY HASSAN.

25. On August 2, 2007, DANIEL PATRICK BOYD a/k/a "Saifullah," lied to agents of the FBI in Raleigh, North Carolina, by denying that he had intended to meet up in Israel with defendants ZIYAD

6

YAGHI and MOHAMMAD OMAR ALY HASSAN.

26. On or about February 28, 2008, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," solicited money to fund the travel of individuals overseas to engage in violent *jihad*.

27. On 21 March 2008, Anes SUBASIC stated to Daniel BOYD that "We can do something," and "I'm gonna go, we can go together," and that "I can find a few other brothers." During this conversation, BOYD states that the "kuffar" have called the police on him and he was once turned away from Israel. SUBASIC responds that they need to find BOYD a new passport. During the same discussion, BOYD states that some in the news unsuccessfully attempted to wage jihad and were caught for doing foolish things. At this point, SUBASIC stated that anyone, not only these young men, should be taught to cross the border and how to navigate at night.

28. On or about April 18, 2008, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," and ANES SUBASIC, engaged in a coded conversation in which they discussed preparing to send two individuals overseas to engage in violent *jihad*.

29. On April 28, 2008, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," sent to defendant HYSEN SHERIFI e-mail which attached literature extolling the virtues of dying *shahid*.

30. On or about June 7, 2008, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," accepted five hundred dollars ($500) in cash from defendant HYSEN SHERIFI to be used to help fund violent *jihad*

7

overseas.

31. On or about June 17, 2008, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," showed defendant HYSEN SHERIFI how to use and operate a Kalashnkov (AK-47) in BOYD's living room.

32. On or about July 30, 2008, defendant HYSEN SHERIFI departed from Raleigh, North Carolina to travel to Pristina, Kosovo to engage in violent *jihad*.

33. On or about October 7, 2008, defendant JUDE KENAN MOHAMMAD departed the United States to travel to Pakistan to engage in violent *jihad*.

34. On November 3, 2008, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased a Mossburg 100 ATR .270 rifle and a Llama Comanche III .357 revolver.

35. On November 6, 2008, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased a Century Arms AK Sporter 7.62 X 39 rifle.

36. On November 11, 2008, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased a Ruger mini 30 7.62 X 39 rifle.

37. On November 26, 2008, defendant HYSEN SHERIFI stated "everything is going as planned," and that he had "good news," "Allah has opened a way for me." The recipient of the statement believed this to be a reference to engaging in violent jihad.

38. On February 11, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased an Ishmash SAGA .308 rifle.

39. On March 2, 2009, defendant DANIEL PATRICK BOYD, a/k/a

8

"Saifullah," purchased a Century Arms Polish Tantal 5.45X39 rifle.

40. On March 31, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased a Century Arms C91 rifle .308.

41. On April 3, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased a Century Arms M70B1 7.62X34 rifle, a Ruger mini 14 5.56 rifle, and a Smith & Wesson MP15 .223 rifle.

42. On April 5, 2009, defendant HYSEN SHERIFI returned to the United States for the purpose of soliciting funds and personnel to support the *mujihadeen*.

43. In 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," stopped attending services at the masjids (muslim houses of worship) in the Raleigh, North Carolina area due to ideological differences. Instead, BOYD and others, known and unknown, met for Friday prayer at the BOYD home.

44. On June 10, 2009, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, and ZAKARIYA BOYD, a/k/a "Zak," practiced military tactics and the use of weapons on private property in Caswell County, North Carolina.

45. On July 7, 2009, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, and ZAKARIYA BOYD, a/k/a "Zak," practiced military tactics and the use of weapons on private property in Caswell County, North Carolina.

All in violation of Title 18, United States Code, Section 2339A.

## COUNT TWO
(Conspiracy to murder, kidnap, maim and injure persons)
18 U.S.C. § 956(a)

46. The Grand Jury realleges and incorporates by reference the General Allegations of this Indictment contained in paragraphs 1 through 9 of this Indictment, and the overt acts listed in paragraphs 13 through 44 of Count One of this Indictment, and further alleges that:

47. Beginning on a date unknown but no later than November 9, 2006, and continuing through at least July, 2009, within the Eastern District of North Carolina and elsewhere, the defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ANES SUBASIC, ZAKARIYA BOYD, a/k/a "Zak," DYLAN BOYD, a/k/a "Mohammed," JUDE KENAN MOHAMMAD, MOHAMMAD OMAR ALY HASSAN, and ZIYAD YAGHI, at least one of whom having been within the jurisdiction of the United States, did knowingly, willfully, and unlawfully conspire with one another and others known and unknown to the grand jury, to commit outside the United States an act that would constitute murder, that is, the unlawful killing of human beings with malice aforethought, kidnapping, maiming, and injuring if committed in the special maritime and territorial jurisdiction of the United States, and in so doing, committed an act within the jurisdiction of the United States to effect any object of the conspiracy, to wit, on June 13, 2007, defendants MOHAMMAD OMAR ALY HASSAN and ZIYAD YAGHI departed Raleigh for Tel Aviv, Israel, on or about October 3, 2008,

10

defendant JUDE KENAN MOHAMMAD departed the United States to travel to Pakistan, and on June 10, 2009, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ZAKARIYA BOYD, a/k/a "Zak," practiced military tactics and the use of weapons on private property in Caswell County, North Carolina.

All in violation of Title 18, United States Code, Section 956(a).

## COUNT THREE
(Receiving firearm through interstate commerce)
18 U.S.C. §924(b)

48. The Grand Jury realleges and incorporates by reference the General Allegations of this Indictment contained in paragraphs 1 through 9 of this Indictment, and the overt acts listed in paragraphs 13 through 44 of Count One of this Indictment, and further alleges that:

49. On or about November 6, 2006, in the Eastern District of North Carolina, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," with knowledge and reasonable cause to believe that offenses punishable by imprisonment for a term exceeding one year were to be committed therewith, to wit, conspiracy to provide material support to terrorists and conspiracy to murder, as set forth in Counts 1 and 2 of this indictment, did receive a firearm and ammunition in interstate commerce, to wit: a Bushmaster M4A3.
In violation of Title 18, United States Code, Section 924(b).

11

## COUNT FOUR
(Possession of firearm in furtherance of crime of violence)
18 U.S.C. § 924(c)

50. The Grand Jury realleges and incorporates by reference the General Allegations contained in paragraphs 1 through 9 of this Indictment, and the overt acts listed in paragraphs 13 through 44 of Count One of this Indictment, and further alleges that:

51. On or about June 10, 2009, in the Eastern District of North Carolina, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, and ZAKARIYA BOYD, a/k/a "Zak," did knowingly use and carry firearms, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, conspiracy to murder, as set forth in Count 2 of this indictment, and did possess said firearms in furtherance of such crime.

All in violation of Title 18, United States Code, Section 924(c).

## COUNT FIVE
(knowing sale of firearm to convicted felon)
18 U.S.C. § 922(d)(1)

52. On or about February 6, 2009, in the Eastern District of North Carolina, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," and DYLAN BOYD, a/k/a "Mohammed," aiding and abetting each other, did knowingly sell or otherwise dispose of a firearm, that is, a Beretta 9 mm handgun and ammunition, to a person known to the grand jury, knowing and having reasonable cause to believe such person

12

had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(d)(1) and 924, and 2.

## COUNT SIX
(False statement)
18 U.S.C. § 1001

53. On or about July 18, 2007, in the Eastern District of North Carolina, in a matter within the jurisdiction of the Department of Homeland Security, an agency of the executive branch of the United States government, in a matter involving international terrorism, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation; to wit, that when he traveled to Israel in June 2007, he had no plan to meet up with anyone other than his son, who had also then traveled to Israel, when in fact a meeting with others had been planned.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SEVEN
(False statement)
18 U.S.C. § 1001

On or about August 9, 2007, in the Eastern District of North Carolina, in a matter within the jurisdiction of the Department of Justice, an agency of the executive branch of the United States government, in a matter involving international terrorism, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," did

knowingly and willfully make a false, fraudulent, and fictitious material statement and representation; to wit, that when he traveled to Israel in June 2007, he had no plan to meet up with defendants ZIYAD YAGHI and MOHAMMAD OMAR ALY HASSAN who also had then traveled to Israel, when in fact such meeting had been planned.

All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

DATE

GEORGE E. B. HOLDING
United States Attorney
Eastern District of North Carolina

BARBARA D. KOCHER
Assistant United States Attorney
Eastern District of North Carolina

JASON KELLHOFER
Trial Attorney
Department of Justice
National Security Division
Counterterrorism Section

14