IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANES SUBASIC, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the government's motion (D.E. 1830[1]) to rule defendant noncompliant with the court's 14 February 2012 Order and Memorandum and Recommendation (D.E. 1726) ("Order/M&R"). Although the time for defendant to file a response to the motion has not expired, the court has determined that a response would not aid the decisional process and would therefore not be an efficient use of defendant's time and other resources, particularly in light of the impending trial date. For similar reasons, proceedings in this case would be facilitated by an expeditious ruling. The motion will be denied.

The fundamental reason is that the motion is based on basic misunderstandings of the Order/M&R and inaccurate interpretations of the record in this case. For example, the motion, as well as the notice filed at D.E. 1834, indicates that the government believes defendant has designated 12,772 pages of transcripts for trial. However, more careful review of the record shows that the entirety of defendant's designated transcripts were filed, in accordance with the Order/M&R, at D.E. 1178-1, 1179, 1795-1, and 1796 and total only 3,252 pages. Defendant also filed a detailed index of these designations at D.E. 1812.

---

[1] The government's motion was originally filed at D.E. 1828 but, as directed by the Clerk's Office, the government refiled a corrected version at D.E. 1830.

In addition, the government plainly misunderstands the limited purpose of the blacklined copy of the government-designated transcripts, which is expressly spelled out in the Order/M&R. (*See* Order/M&R 7 ¶ 2.a.). The government is also under the apparent misapprehension that it has responsibility to prepare defendant's counter transcripts. The Order/M&R directs that each party file its own counter transcripts. (*See* Order/M&R 3-4 ¶ 2.b. and 7 ¶ 3.b.).

Therefore, the government's motion (D.E. 1830) is hereby DENIED. A more detailed order will follow elaborating on the basis for the denial and directing any further action to be taken. This denial includes denial of the government's request to freeze its remaining deadlines, among them today's deadline for filing its counter transcripts to defendant's designated transcripts. (*See* Order/M&R 7 ¶ 3.b.; 16 Mar. 2012 Order (D.E. 1820) 5 (extending 21 Mar. 2012 deadline to 23 Mar. 2012)). In light of the misunderstandings reviewed above, among others, the government has failed to demonstrate that suspension of this deadline or any other deadlines applicable to it is warranted. Should the government determine, based on a proper reading of the Order/M&R and the record, that it needs additional time to comply with existing deadlines, it shall file an appropriate motion for the relief sought. Any such motion will, of course, have to demonstrate due diligence, particularly in light of the impending trial date.

Finally, the court further DIRECTS the government to review anew the Order/M&R as well as all orders entered thereafter to better familiarize itself with the court's directives with respect to finalizing the transcripts for trial. Because the motion conflates the Order and M&R portions of the Order/M&R, the court also reminds the government that the Order/M&R consists, in part, of recommendations to the presiding District Judge relating to presentation of transcripts at trial. As the government has previously been reminded (*see* 15 Mar. 2012 Order 1), requests for relief from those recommendations are not properly addressed to the undersigned.

SO ORDERED, this the 23rd day of March 2012.

James E. Gates
United States Magistrate Judge