# UNITED STATES COURT OF APPEALS

# FOR THE EIGHTH CIRCUIT

RECEIVED

2016 JUN 27 AM 10: 04

U.S. COURT OF APPEALS
FOURTH CIRCUIT

**HYSEN SHERIFI**

**PLAINTIFF/MOVANT**

V.

**THE UNITED STATES OF AMERICA,**

**DEFENDANT**

Case No. 5:09-CR-216-2-FL

---

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

---

COMES NOW, **Hysen Sherifi**, Pro Se and delivers this Motion to the humble court. Movant asserts that from a legal standard. The substantive provisions of 28 U.S.C. § 2255 provide that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255 para. 1. Thus, a defendant may be entitled to § 2255 relief if his conviction or sentence violates the constitution or a federal statute. However, in order to obtain relief under 2255 on the basis of a non-constitutional-i.e., statutory or rule-error, the record must reflect a fundamental defect in the proceedings which inherently causes a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. See Reed v. Farley, 512 U.S. 339,348, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994)(Ginsburg, J); id. at 355-56(Scalia, J.); Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).

## Procedural History

Hysen Sherifi _____, was sentenced on _____ to a term of _____ months (see) Attached computation. He now, timely files, In light of **United States V. Johnson, 135 S. Ct. 2251 (2015)**, the application of the ACCA enhancement is no longer valid.

## Liberal Interpretation

Movant asks this court to construe the following, pro se, document liberally and with due consideration in accordance with Supreme Court jurisprudence **Haines v. Kerner, 404 US 591 (1972)**.

## Argument

There are two kinds of NEW RULES, substantive or procedural. Substantive rules create rights or obligations, while procedural rules enforce rights and obligations. By Congress ruling the residual clause unconstitutional it creates a new procedural rule. A new rule interpreting a statute is always applied retroactively because the court is essentially saying what the statute has always meant from the day it was enacted. _Rivers v. Roadway Express, 511 U.S. 298, 312-313 (1994)_. When the Supreme Court decides that a "substantive Federal Criminal Statute" Now would not reach certain conduct, the decision, or new rule, would have to apply retroactively because it places the defendant in a position where the punishment cannot now be applied to that defendant and never could have. See _Bousley v. U.S., 523 U.S. 614, 620 (1998)._ "The ACCA (18 U.S.C. § 924(e) is a substantive criminal statute". Removing the residual clause as unconstitutional,

would be a new constitutional rule, which is technically a procedural rule. Normally, new procedural rules don't raise innocence issues and are not retroactive unless they fall into some exceptions. *Schriro v. Summerlin, 542 U.S. 348, 352 (2004).*

Excising part of the ACCA as unconstitutional would fit one of these exceptions, because it would then place "persons covered by the statute beyond the [governments] power to punish." Id a 351-352. A procedural rule that falls into an exception and is retroactive is then classified as a "Substantive" rule.

**Comes now, _____, Movant, pro se, and requests this humble Court for review of sentence obtained with the use of Armed Career Offender/or/ Career offender enhancement, OR 924(c)**

Recent Supreme Court ruling Johnson V. U.S., has declared the residual clause found in U.S.S.G. 4B1.1 is overly vague and unconstitutional. Therefore this new rule of law creates an opportunity for review. The Supreme Court held that an increased sentence under ACCA's residual clause violated due process rights. Pursuant to 18 U.S.C. § 924(e) there are three ways to determine if a conviction qualifies as a violent felony:

(1) The elements prong: (2) the enumerated offences; and (3) residual or "otherwise" Clause.

USSG § 2L1.2 (b)(1)(A)(ii) has a narrower definition of the "crime of violence" than 18 U.S.C. 924(e). In U.S. v. Boose, 739 F.3d 1185(8th Cir. 2014), the court specifically found "Based on their nearly identical definitions, we construe violent felony under 18 U.S.C. § 924 (e)(B)(2)(b)(I) (the ACCA), and "crime of violence" or "serious drug offence." "the elements clause" means that the statute in question has an element that involves "the use, attempted use or threatened use of physical force against another person." The enumerated offences are the offences listen in the act itself: Burglary, Arson, Extortion, or crimes involving the use of explosives. The residual or "otherwise" clause is defined by statute as being other such conduct that presents a serious potential risk of physical injury to another.

The method by which a sentencing court is to determine whether the statute qualifies as a violent felony under ACCA is the source of most confusion and of conflicting case law. The first method utilized was the formal "categorical" approach set forth by the United States Supreme Court. in _Taylor v. U.S., 495 U.S. 575 (1990)_, which told the sentencing courts to look to the statutory definition or elements of the felony offence. However, in _Shepard v. United States., 544 U.S. 13 (2005)_, The United States Supreme Court Created another Mechanism, a "Modified Categorical approach," to be used if the statute in question is over-inclusive, that is, having multiple elements, some of which may constitute a "crime of violence" and some of which may not. When the court applied a "modified categorical approach," under _Begay. U.S., 553 U.S. 137 (2008)_, The U.S. Supreme Court interpreted the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), to mean that the crime must demonstrate a defendants propensity towards purposeful, violent and aggressive conduct to be a qualifying crime. Johnson v. U.S., now renders the residual clause, unconstitutional, and a violation of Movants due process of Law rights.

The same constructive elements are used in the application of the determining Career Offenders, as the residual clause appears in 4B1.1. The Fifth Amendment provides that "[n]o person… be deprived of life, liberty, or property, without due process of law." Johnson v. U.S., establishes that the government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague it fails to give ordinary people fair notice of the conduct it punishes, or so standard less that it invites arbitrary enforcement . *Kolender v. Lawson, 461 U.S. 352, 357-358 (1982)*. The prohibition of vagueness in criminal statutes "Thus is well recognized requirement, consonant alike with ordinary notions of fair play and the settled rule of law," and the statute that flaunts it "violates the first essential of due process." *Connally v. General Constr. Co., 269 U.S. 385, 391, (1926).* Two features of the residual clause conspire to make it unconstitutionally vague. In the first place the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime. At the same time, the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony.

## I.  MOVANTS PREDICATE OFFENCES DO NOT QUALIFY AS A "CRIME OF VIOLENCE" UNDER THE FORCE CLAUSE OF § 924(c)(3) BECAUSE IT CAN BE VIOLATED WITHOUT THE USE, ATTEMPTED USE, OR THREATENED USE OF VIOLENT PHYSICAL FORCE.

To determine if a predicate offence qualifies as a "crime of violence" under § 924(c), 924(e) or U.S.S.G 4b1.2, courts use a categorical approach. See Descamps v. United States, 133 S. Ct 2276, 2283 (2013; United States v. Royal, 731 F.3d 333,341-42, (4th Cir. 2014) United States v. Acosta, 470 F. 3d 132,135 (2d Cir. 2006). This approach requires that courts "look only to the statutory definitions-ie., the elements- of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." Descamps, 133 S. Ct. at 2283 (citation omitted); Royal, 731 F. 3d at 341-42; Serafin, 562 F.3d at 1107; Acostz, 470 F. 3d at 135. In addition, under the categorical approach, a prior offense can only qualify as a "crime of violence" if all

of the criminal conduct covered by statute- "including the most innocent conduct" matches or is narrower than the "crime of violence" definition. United States v. Torres-Miguel, 701 F. 3d 165, 167 (4th Cir. 2012).If the most innocent conduct penalized by statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence." "After Descamps, when a statute defines an offense using a single, indivisible set of elements that allows for both violent and non-violent means of commission, the offense is not a categorical crime of violence." Fuertes, supra at 24.

As a result, Post Descamps, for to qualify as a "crime of violence" under § 924(e) Career offender or 924(c)(3)'s force clause, the offence must have an element of "physical force." And "physical force" means "violent force"- that is "strong physical force," which is capable of causing physical pain or injury to another person. Johnson v. United States, 559 U.S. 133, 140 (2010) (emphasis in original). Robbery, as defined by § __3 559_____ does not meet this requirement because it can be accomplished by putting someone in fear of future injury to his person or property, which does not require the use, attempted use, or threatened use of "violent force."

The act of placing another in fear of physical injury, at best, constitutes a threat of physical injury to another, which plainly does not require the use or threatened use of "violent force" against another. The Fourth Circuit's decision in Torres-Miguel, 701 F. 3d 165, is directly on point. Indeed, in that case, the Fourth Circuit unequivocally held that the threat of any physical injury, even "serious bodily injury or death." does not necessarily require the use of physical force- let alone "violent Force."

In Torres-Miguel, at issue was the defendant's prior conviction for the California offense of willfully threatening to commit a crime which "will result in death or great bodily injury to another. 701 F.3d at 168 (citing Cal. Penal Code § 422(a)) (emphasis added). The specific question in the case was whether the statute had an element equating to a threat of "violent force" under the force clause of U.S.S.G. § 2L1.2- a clause that is identical in all relevant respects to the § 924(c)(3)(A) force clause. Despite the "death or great bodily injury" element in the California statute, the Fourth Circuit found that the offense was missing a "violent force" element, and thus could never qualify as a "crime of violence" under the force clause. Id. at

Page 6 of 10

168. The court , in strong words proclaimed that "of course, a crime may result in death or serious injury without involving use of physical force." Id (emphasis added).

The Court, relying on several appellate decisions from various Circuits, reasoned that there are many ways in which physical injury –even death- can result without use of "violent force." Id at 168-69. "For example, as the Fifth Circuit has noted, a defendant can violate statutes like § 422(a) by threatening to Poison another, which involves no use or threatened use of force." Torres-Miguel, 701 F.3d at 168-69 (citing United States v. Cruz-Rodriguez, 625 F.3d 274, 276 (5th Cir.2010)).

In reaching its decision, the Torres-Miguel Court also relied on the Second Court's decision in Chrzanoski v. Ashcroft, 327 F.3d 188, 194 (2d Cir. 2003). In that case the issue was whether a prior Connecticut conviction for third degree assault qualified as a "crime of violence" under the force clause. The Connecticut statute "require[s] the state to prove that the defendant had intentionally caused physical injury." Chrzanoski, 327 F.3d at 193. Nonetheless, the "Second Circuit[] held that [the statute] does not constitute a crime of violence… because there is a difference between causation of an injury, which is all that the Connecticut statute[] required, and an injury's causation by the use of physical force." Torres-Miguel, 701 F.3d at 169 (citing Chrzanoski, 327 F.3d at 194)(internal quotation marks omitted).

The Second Circuit explained that "an individual could be convicted of intentional assault in the third degree for injury caused not by physical force, but by guile, deception, or even deliberate omission." 327 F.3d at 195. The Court elaborated that "human experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds medicine from a sick patient" or someone who causes physical impairment by placing a tranquilizer in the victim's drink. Id. at 195-196.

For even further support, in Torres-Miguel, 701 F.3d at 169, the Fourth Court embraced the Tenth Circuit's decision in United States v. Perrez-Vargas, 414 F.3d 1282, 1287 (10th Cir. 2005). In that case, the Tenth Circuit explained "that although the Colorado [third degree assault] statute required [an act causing] bodily injury, imposing that injury does not necessarily include the use or

threatened use of physical force as required by the Guidelines and so the Colorado crime was not categorically a crime of violence under U.S.S.G. SS 2L1.2." Torres-Miguel, 701 F.3d at 169(citing Perez-Vargaz, 414 F.3d at 1287)(internal quotation marks omitted). The Tenth Circuit reasoned that "several examples [exist] of third degree assault that would not use or threaten the use of physical force:… intentionally placing a barrier in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals." Perez-Vargaz 414 F.3d at 1286.

Therefore, Torres-Miguel and all the other cases discussed above command that Robbery, which can be accomplished by putting another in fear of physical injury, does not require "violent force." If threat of serious bodily injury or death do not equal violent force, then certainly, threat of "physical injury" does not. Indeed a defendant can place another in fear of injury by threatening to poison that person, to expose that person to hazardous chemicals, to place a barrier in front of that person's car, to lock the person up in the car on a hot day, to lock that person at an abandoned site without food or shelter – some of the very examples that the Fourth Circuit in Torres- Miguel as well as the other Court's mentioned above held do not constitute "violent force."

Because "the full range of conduct" covered by the Robbery robber statute does not require "violent force," it simply cannot qualify as a "crime of violence" under SS 924(c)(3)'s force clause. Torres-Miguel, 701 F.3d at 171. And it makes no difference, even if the possibility of violating the Robbery statute without violent force is slim. Because the possibility exists, this Court cannot legally find that Robbery is a "crime of violence." Indeed in Torres-Miguel, the Court did not cite to a single case in which an offense under the California threat statute was violated with the threat of poisoning or some other non-violent force; yet, the Fourth Circuit still found that because the elements of the offense left open the possibility that one could be prosecuted under the statute for the use of non-violent force, the prior offense categorically failed to qualify as a "crime of violence." Id. at 171. The Court should find the same here with respect to the Robbery statute, which leaves open the same possibility.

USSG § 2L1.2 (b)(1)(A)(ii) has a narrower definition of the "crime of violence" than 18 U.S.C. 924(e). In U.S. v. Boose, 739 F.3d 1185(8th Cir. 2014), the court

specifically found "Based on their nearly identical definitions, we construe violent felony under 18 U.S.C. § 924 (e)(B)(2)(b)(I) (the ACCA), and "crime of violence" or "serious drug offence." "the elements clause" means that the statute in question has an element that involves "the use, attempted use or threatened use of physical force against another person." The enumerated offences are the offences listen in the act itself: Burglary, Arson, Extortion, or crimes involving the use of explosives. The residual or "otherwise" clause is defined by statute as being other such conduct that presents a serious potential risk of physical injury to another.

The method by which a sentencing court is to determine whether the statute qualifies as a violent felony under ACCA is the source of most confusion and of conflicting case law. The first method utilized was the formal "categorical" approach set forth by the United States Supreme Court. in *Taylor v. U.S., 495 U.S. 575 (1990)*, which told the sentencing courts to look to the statutory definition or elements of the felony offence. However, in *Shepard v. United States., 544 U.S. 13 (2005)*, The United States Supreme Court Created another Mechanism, a "Modified Categorical approach," to be used if the statute in question is over-inclusive, that is, having multiple elements, some of which may constitute a "crime of violence" and some of which may not. When the court applied a "modified categorical approach," under *Begay. U.S., 553 U.S. 137 (2008)*, The U.S. Supreme Court interpreted the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), to mean that the crime must demonstrate a defendants propensity towards purposeful, violent and aggressive conduct to be a qualifying crime. Johnson v. U.S., now renders the residual clause, unconstitutional, and a violation of Movants due process of Law rights.

The same constructive elements are used in the application of the determining Career Offenders, as the residual clause appears in 4B1.1. The Fifth Amendment

provides that "[n]o person… be deprived of life, liberty, or property, without due process of law." Johnson v. U.S., establishes that the government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague it fails to give ordinary people fair notice of the conduct it punishes, or so standard less that it invites arbitrary enforcement . _Kolender v. Lawson, 461 U.S. 352, 357-358 (1982)_. The prohibition of vagueness in criminal statutes "Thus is well recognized requirement, consonant alike with ordinary notions of fair play and the settles rule of law," and the statute that flaunts it "violates the first essential of due process." _Connally v. General Constr. Co., 269 U.S. 385, 391, (1926)._ Two features of the residual clause conspire to make it unconstitutionally vague. In the first place the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime. At the same time, the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony.

Movant requests review In light of **_United States V. Johnson, 135 S. Ct. 2251 (2015)_**, the application of the ACCA /career offender enhancement is no longer valid. Movant also requests appointment of counsel. and To dismiss the 924(c)

Date: 6/20/16    Respectfully Submitted, Hysen Sherifi

**I do declare under the penalty of perjury that the above Reply motion is true and correct. 28 U.S.C. 1746.**

**Signature** _[signature]_    **Date** 6/20/16

Hysen Sherifi 51780066
P.O Box 33
USP Terre Heute
IN, 47808

Legal Mail

INMATE
IDENTIFICATION
CONFIRMED

INDIANAPOLIS IN
21 JUN 2016

Lewis F. Powell, Jr United States
Courthouse Annex
1160 East Main Street, Suite 501
Richmond VA 23219-3525

23219-352060